**Violet SMITH, an individual; Maxine Welle, an individual; Joseph Welle, as personal representative and heir for decedents, Violet Smith and Maxine Welle, Plaintiffs—Appellants,**

v.

**ALLSTATE INSURANCE COMPANY, an Illinois Corporation; Shadowbrook Design Group, Inc., a California Corporation, WSC, a California**

Corporation, dba Western States Construction, dba Western States Geotechnical, aka Western States Companies, Defendants—Appellees.

No. 01–55175.

DC No. CV 98–08929 RJK.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2002.

Decided Nov. 27, 2002.

---

**350**

Before BRIGHT,* GOODWIN, and TASHIMA, Circuit Judges.

### MEMORANDUM**

Joseph Welle, as personal representative and heir for decedents, Violet Smith and Maxine Welle (together, "Smith"), appeals the district court's order denying Smith's motion for a new trial following a jury verdict awarding Smith $20,000 in compensatory damages. Smith brought suit against defendant Allstate Insurance Company ("Allstate") seeking compensatory and punitive damages of $136,000, stemming from Allstate's use of fraudulent engineering reports in assessing damage to Smith's home following the 1994 Northridge earthquake. Smith contends that the district court abused its discretion in excluding documents and witnesses that

would have established a "pattern and practice" of bad faith conduct by Allstate. We agree, and reverse and remand for further proceedings.[1]

### I. Standing to Appeal

■ Allstate initially contends that, because the jury awarded Smith $20,000 in compensatory damages, Smith is not an "aggrieved" party and therefore lacks standing to appeal. *See Deposit Guar. Nat'l Bank v. Roper,* 445 U.S. 326, 333, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980) ("[O]nly a party aggrieved by a judgment or order of a district court may exercise the statutory right to appeal therefrom."). We find, however, that the district court's exclusion of evidence tending to show that Allstate knew about the fraudulent engineering reports and did nothing about it sufficiently "aggrieved" Smith for purposes of standing to appeal. *See id.* at 334 ("In an appropriate case, appeal may be permitted from an adverse ruling collateral to the judgment on the merits at the behest of the party who has prevailed on the merits.").

### II. Relevance of Post–Claim Events

Smith contends that the district court abused its discretion in excluding evidence intended to show that Allstate had engaged in a pattern and practice of fraudulent behavior in its handling of the bogus engineering reports. Allstate echoes the district court's reasoning in excluding this evidence, contending that the documents and testimonial evidence were irrelevant and cumulative because they post-dated the closure of, and did not relate specifical-

---

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts, we do not recite them here.

ly to, Smith's claim. These arguments, however, misconstrue the nature and scope of the insurer's duty of good faith, as well as the role of punitive damages in remedying "pattern[s] of unfair practices." *Colonial Life & Accident Ins. Co. v. Superior Court*, 31 Cal.3d 785, 183 Cal.Rptr. 810, 647 P.2d 86, 89 (1982).

■ It is axiomatic that an insurer must fairly investigate a claim and breaches the covenant of good faith and fair dealing if it settles a claim without conducting an adequate investigation. *See Track Mortgage Group, Inc. v. Crusader Ins. Co.*, 98 Cal. App.4th 857, 120 Cal.Rptr.2d 228, 237 (2002). In *Frommoethelydo v. Fire Ins. Exch.*, 42 Cal.3d 208, 228 Cal.Rptr. 160, 721 P.2d 41 (1986), the California Supreme Court applied this rule in holding that an insurer breaches the covenant of good faith if it obtains information calling into question the adequacy of a previous investigation and subsequently fails to reinvestigate that claim. *Id.* at 48. Allstate attempts to distinguish *Frommoethelydo* on the ground that there the insured specifically requested reconsideration of his claim based on information provided by the insured. *Id.* at 44. But the controlling question is not *how* the insurer obtained the information, but simply *if* the insurer "was advised" of new information calling into question the adequacy of a previous investigation. *See id.* at 48 ("[O]nce the insurer was advised of the existence of witnesses [substantiating insured's closed claim], it had a duty to fairly investigate to determine whether plaintiff had a valid claim.").

Indeed, the covenant of good faith and fair dealing, which arises implicitly from the contractual relationship existing be-tween the parties, remains in force for the duration of that contractual relationship. *White v. West. Title Ins. Co.*, 40 Cal.3d 870, 221 Cal.Rptr. 509, 710 P.2d 309, 317 (1985). Post-claim evidence is therefore relevant because (1) Allstate remained contractually bound by the duty of good faith fairly to investigate the 1994 Northridge claims, and (2) Smith's proffered evidence tended to show that Allstate knowingly shirked this duty, not only to Smith, but to numerous other Allstate insureds. Furthermore, because "the elements of punitive damages may be suggested by a pattern of unfair practices," *Colonial Life*, 183 Cal.Rptr. 810, 647 P.2d at 90, the district court abused its discretion in excluding evidence not directly related to Smith's claim. *See also Gagnon v. Cont'l Cas. Co.*, 211 Cal.App.3d 1598, 260 Cal.Rptr. 305, 306–307 (1989) (holding that punitive damages consideration includes "whether the defendant's conduct has ... [a]ffected more than the plaintiff"). Evidence not directly related to Smith's particular claim is still relevant and admissible provided that it tends to establish Allstate's "pattern of unfair practices" in handling fraudulent engineering reports.[2]

Allstate argues that the post-claim evidence does not show that Allstate had an "established" policy and practice with respect to the unlawful reports, as required in *Mock v. Mich. Millers Mut. Ins. Co.*, 4 Cal.App.4th 306, 5 Cal.Rptr.2d 594, 608 (1992). Yet, Allstate's response to the revelation that settlement of hundreds of its claims was based on fraudulent engineering reports could well represent "a consistent and unremedied pattern of egregious" behavior warranting the imposition of punitive damages. *Patrick v. Md. Cas. Co.*,

---

2. Although relevant under Fed.R.Evid. 401 and 402 to establish a "pattern and practice" of bad faith conduct by Allstate, we are not called upon to decide whether some of the post-claim evidence may be excluded under Fed. R. Evid 403, as needlessly cumulative. *See United States v. Skillman*, 922 F.2d 1370, 1374 (9th Cir.1990).

217 Cal.App.3d 1566, 267 Cal.Rptr. 24, 31 (1990).

## III.  Conclusion

The district court abused its discretion in excluding all of the evidence regarding the post-claim events·because the evidence suggests that Allstate breached the covenant of good faith and fair dealing by failing to re-visit claims after learning that it had closed claims based on fraudulent information supplied to it by its own agents.  Specifically, evidence is relevant and admissible if it tends to show any of the following: (1) that Allstate knew of the fraudulent reports;  (2) that Allstate failed adequately to reinvestigate claims after learning of the fraudulent reports;  or (3) that, in so acting, Allstate breached the covenant of good faith and fair dealing.[3]

The judgment of the district court is vacated and the order denying Smith's motion for a new trial is reversed and the case remanded for a new trial.

### REVERSED and REMANDED.

---

**3.**  Smith also argues that the district court should have permitted it to reinstate Western States as a defendant, thus destroying diversity of citizenship.  Western States, however, is not a crucial defendant because Allstate can "fully satisfy" any judgment.  *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir.1998).  The district court therefore did not abuse its discretion in denying Smith's motion to reinstate and remand.  Additionally, we do not reach the issue of whether the district court abused its discretion in excluding Smith's bad faith expert, Tim Ryles.  On remand, however, the court should re-consider its exclusion of Ryles' testimony, taking into account that the touchstone of admissibility of expert testimony is whether it will

"assist the trier of fact to understand or to determine a fact in issue."  Fed.R.Evid. 702.  Similarly, while we do not conclude that the district court abused its discretion in its questioning of George Bach and Boyd Veenstra, the court should preserve the appearance of impartiality and "err on the side of [a]bstention from intervention." *United States v. Tilghman*, 134 F.3d 414, 416 (D.C.Cir.1998).

